# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:09-CV-314-W

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) **ORDER** |
| | ) **AND** |
| | ) **NOTICE OF HEARING** |
| CHRISTIAN BROOME HUNT a/k/a | ) |
| CHRISTY HUNT, Individually, and d/b/a | ) |
| RICKY J'S SPORTS BAR AND GRILLE, | ) |
| a/k/a RICKY J'S SPORT BAR, and RICKY | ) |
| J'S SPORTS BAR AND GRILLE, a/k/a | ) |
| RICKY J'S SPORT BAR, | ) |
| | ) |
| **Defendants.** | ) |

THIS MATTER is before the Court following the filing of Plaintiff Joe Hand Promotions, Inc.'s Motion for Summary Judgment (Doc. No. 12) pursuant to Rule 56 of the Federal Rules of Civil Procedure.

In accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the Court advises Defendant, who is proceeding *pro se*, of the heavy burden that she carries in responding to Plaintiff's Motion for Summary Judgment.[1]

Rule 56(e), Federal Rules of Civil Procedure, provides:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must– by affidavits or as otherwise provided in this rule– set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

This language means that if Defendant has any evidence to offer to show that there is a

---

[1] The Court recognizes that <u>Roseboro</u> addressed providing notice to a *pro se* plaintiff. However, out of an abundance of caution, the Court feels compelled to provide this same notice to Defendant, who is proceeding *pro se*.

genuine issue for trial, she must now present it to this Court in a form which would otherwise be admissible at trial, i.e., in the form of affidavits or unsworn declarations. An affidavit is a written statement under oath; that is, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted. Affidavits or statements must be presented by Defendant to this Court no later than thirty (30) days from the date of this Order, or **Thursday, March 25, 2010**. As stated by Rule 56(e), **Defendant's failure to respond may result in Plaintiff being granted the relief it seeks by way of summary judgment**, that is, judgment for Plaintiff on all claims in its Complaint. Defendant is also reminded, pursuant to the Court's Case Management Order entered September 24, 2009, that her response shall not exceed **4,500 words**.

TAKE NOTICE that a hearing on Plaintiff's Motion for Summary Judgment (Doc. No. 12) will take place before the undersigned United States District Judge at **2:00 p.m.** on **Wednesday, March 31, 2010**, in Courtroom #1 of the Charles R. Jonas Federal Building in Charlotte, North Carolina. Oral arguments will be limited to fifteen (15) minutes per party.

The Clerk is directed to send copies of this Order and Notice of Hearing to counsel for Plaintiff, and to *pro se* Defendant at the following mailing addresses: 13923 Cinnabar Place, Huntersville, NC 28078, which is the Defendant's address of record, and to Ricky J's Sports Bar and Grille, 2627 Sam Wilson Road, Charlotte, NC 28214.

IT IS SO ORDERED.

Signed: February 23, 2010

Frank D. Whitney
United States District Judge